UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA**,<br><br>PLAINTIFF,<br><br>v.<br><br>**PRO-FOOTBALL INC. d/b/a WASHINGTON COMMANDERS, DANIEL SNYDER, THE NATIONAL FOOTBALL LEAGUE, and ROGER GOODELL,**<br><br>DEFENDANTS. | Case No.: 1:22-cv-03813 (TSC) |

**PLAINTIFF DISTRICT OF COLUMBIA'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

The Local Rules of this Court provide that the opposition to any motion be filed within 14 days of the service of that motion. LCvR 7(b). Defendants ask the Court to more than double this period of time by affording them an additional 18 days to respond to the District's Motion to Remand. ECF No. 18. Defendants have not shown good cause to justify this extension, and the District will be prejudiced if Defendants' request is granted. Therefore, Defendants' Motion to Extend should be denied.

Under FRCP 6(b)(1), Defendants must establish "good cause" to extend the amount of time they have to respond to the District's Motion to Remand, and they have failed to do so. *First*, Defendants have already researched and briefed their position on the merits of removal in great detail, with a fourteen-page notice of removal already on file. *See* ECF No. 1. Nothing demonstrates that they require additional time to elaborate their arguments. *Second*, the District would be prejudiced by an extension of time, because as explained in the District's Motion to

Remand, Defendants' attempt to remove this case to federal court is a frivolous delay tactic, which harms the District and its residents. *See* ECF No. 16. *Finally*, especially in light of Defense counsel's extensive resources, evidenced by the twelve attorneys who signed Defendants' Motion, their involvement in other litigation does not establish good cause for an extension.

Defendants have already briefed the issues raised by the District's Motion, and they have failed to establish good cause justifying an extension; instead, they make only the conclusory statement that they need "sufficient time to review and respond to the District's Motion for Remand." ECF No. 18, ¶ 6. The Local Rules already establish what this Court deems to be sufficient time to respond to a motion: 14 days. *See* LcvR 7(b). And because they are prohibited from raising new arguments supporting removal in their opposition to remand, Defendants will not need to research novel legal theories or arguments. *See Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) ("The notice of removal cannot be amended to add new bases for removal after the thirty-day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand."). The District's Motion to Remand largely operates as a response to Defendants' detailed Notice of Removal, which they necessarily have already researched and considered at length. Therefore, Defendants have not demonstrated a need sufficient to establish good cause for doubling the standard timeline to respond to the District's Motion to Remand, and their Motion to Extend should be denied.

Defendants express incredulity that the District opposes an extension of time for their response to the motion to remand, because the District previously agreed—in Superior Court—to an extended briefing schedule for Defendants' responsive pleadings and any necessary opposition. ECF No. 18, ¶ 7. But the circumstances are vastly different here. The extension agreed upon in Superior Court is wholly irrelevant to the current proceedings since Defendants' removal. The

District will not consent to an extension in the context of a meritless removal proceeding, the purpose of which is only delay. As detailed in the District's Motion to Remand, the District is prejudiced by this unwarranted foray into federal court, no matter what schedule briefing follows. Defendants have not demonstrated good cause to prolong that prejudice by dragging out the remand of this case to Superior Court, its proper forum where the merits of the case can be addressed.

Finally, the fact that defense counsel is engaged in other litigation and has "scheduling demands in other client matters," ECF No. 18 ¶ 6, does not establish good cause to double the amount of time provided to respond to already-briefed issues and delay the speedy and proper return of this matter to Superior Court. *See Stonkus v. Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir. 2003) (recognizing that "most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences") (citations omitted). Defendants have engaged three law firms and at least twelve attorneys in this matter. The claim that they are unable to repackage their removal arguments to fit an opposition to the District's Motion to Remand within 14 days falls flat.

In sum, the timeline currently calls for multiple well-resourced law firms to oppose a motion directly related to issues they have already briefed to this Court. Defendants have wholly failed to establish good cause to diverge from the time provided by the Local Rules. Defendants have not established good cause for an extension, and their motion should be denied.

Dated: January 6, 2023

                Respectfully submitted,

                BRIAN L. SCHWALB
                Attorney General for the District of Columbia

                JENNIFER C. JONES

Deputy Attorney General
Public Advocacy Division

ALICIA M. LENDON
Chief, Civil Rights & Elder Justice Section

*/s/ Andrew Mendrala*
ANDREW MENDRALA (#1009841)
Assistant Attorney General

JAMES ANTHONY TOWNS (#433435)
Assistant Attorney General

Office of the Attorney General
400 Sixth Street, N.W., 10th Floor
Washington, D.C. 20001
(202) 724-9726
Andrew.Mendrala@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA**<br><br>  **PLAINTIFF**,<br><br>  v.<br><br>**PRO-FOOTBALL INC. d/b/a WASHINGTON COMMANDERS, DANIEL SNYDER, THE NATIONAL FOOTBALL LEAGUE, and ROGER GOODELL,**<br><br>  **DEFENDANTS.** | **Case No.: 1:22-cv-03813 (TSC)** |

**[PROPOSED] ORDER DENYING MOTION FOR EXTENSION OF TIME**

Upon consideration of Defendants' Motion for Extension of Time, the opposition hereto, and the entire record herein, it is this _____ day of _____, 2023, hereby

ORDERED that the Motion for Extension of Time is DENIED; and it is further

ORDERED that Defendants shall file their opposition to the District's Motion to Remand by January 13, 2023.

SO ORDERED.

DATED: _____, 2023

                          _____
                          DISTRICT JUDGE TANYA S. CHUTKAN
                          United States District Court for the District
                          of Columbia

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 6th day of January 2023, a true and correct copy of the foregoing was filed with the Clerk of Court and served electronically via CM/ECF upon all counsel of record.

                                            */s/ Andrew Mendrala*
                                            ANDREW MENDRALA
                                            Assistant Attorney General